McKinney, J.,
delivered the opinion of the court.
The only question in this cause which merits consideration is, whether or not the cause was regularly set down for hearing according to the established rules and course of the courts of chancery by our law.
The bill was filed in the chancery court of Pulaski, on the 6th of August, 1849. The return term of the process was the first Monday of September ensuing. The defendant filed his answer to the bill in the clerk’s office before the term, to-wit, on the 28th of August. The complainant failed to file a replication to the answer, at the appearance term. At the October Rules, being the first rule day after the term, the defendant gave a rule for a replication; and no replication being filed, at the November rules the cause was set down for hearing upon bill and answer.,
At the term at which the cause was heard, and before the *254 hearing, the complainant moved the court to be permitted to file a replication, but the motion was disallowed.
Upon the foregoing state of facts, we think the cause was irregularly and prematurely set down for hearing. The’act of 1801, ch. 6, sec. 24, provides that “the complainant shall reply or file exceptions on or before the second rule-day after the term in which the answer shall have been filed. The defendant, having given a rule for replication, may give another rule on the said second rule day for hearing upon bill and answer; after the expiration of which, the cause shall be set for hearing, and no depositions or proof shall be admitted on either side, unless by consent or by order of court.”
The act of 1842, ch. 92, sec. 2, dispenses with the latter rule required by the act of 1801. It provides “That the defendant or defendants, on having given one rule for replication, may have the cause set down for hearing under the 24th section of the act of 1842, ch. 6.”
The 13th section of the act of 1S01 requires that the defendant shall plead, answer, or demur, at the term to which the process is returnable, unless farther time is allowed by the chancellor, which shall expire at some rule day. And by the 12th section, “Rules to plead, answer, demur, or reply, or other proceedings when necessary, shall be given from month to month, with the clerk in the office.”
The defendant has the right, unquestionably, to file his answer with the clerk, before the term to which the process is returnable. But still, for all purposes, except perhaps the single purpose of founding a motion to dissolve an injunction, the answer so filed is to be taken as having been filed at the return term. The point of difficulty in the construction of the 24th section of the act of 1801 as amended by the act of 1842, is, whether or not the rule for replication may be given by the defendant before the second rule day after the term at which the answer shall have been filed so as thereby to *255 enable him to have the cause set down for hearing on that day (that is, the second rule day after the term) in the event the complainant shall have failed to comply with the rule.
The language of this section is ambiguous and obscure, but the meaning, we think, is free from doubt. It allows time to the complainant to determine whether he will reply, or except, to the answer of the defendant. The time given for this purpose is until “the second rule-day after the term in which the answer shall have been filed.” If, then, the complainant cannot be required to except or reply before the “second rule-day,” it seems to us an' unreasonable, not to say absurd construction of the statute, to hold that a rule may be made upon him to do what he is not by law required to do, and for omitting to do which, he is not in default. In the construction of this section, in order ,to make its provisions sensible and consistent, the words “on the said second rule-day,” with reference to the rule for hearing upon bill and answer, must be understood to mean the second rule-day after the complainant’s default, and not the second rule-day after the term during which the answer was filed.
But if the opposite construction .were admitted to be correct, that the rule for replication might be given on the first rule-day, and the rule for hearing upon bill and answer on the second rule-day after the term in which the answer was filed, still it results that this cause was prematurely set for hearing. The cause cannot be set for hearing on the rule day on which the rule for hearing on bill and answer was given, but only after the expiration of the latter rule, by the express words of the act. And as all rules are to- be given “from month to month,” it necessarily follows that the cause cannot be set for hearing, even upon the construction of the defendant’s counsel, until the expiration of the rule for hearing upon bill and answer, that is, until the third rule-day after the term at which the answer shall have been filed.
*256 But the proper practice, under the act of 1842, is, to give the rule for replication on the second rule-day after the term, or immediately thereafter, if the complainant shall have failed to except or reply to the defendant’s answer on or before that day; and on failure to comply with such rule, the cause may be set down for hearing at the next succeeding rule-day, but at no earlier day. The 23d rule of practice adopted by the Chancellors, has no application to the present case. It was made merely to supply an omission in the act of 1801, and applies only to cases where the answer has been filed in vacation, pursuant to an order of the court enlarging the time for putting in an answer.
For this error in the proceedings the decree must be reversed, the pro confesso set aside, and the cause remanded to the chancery court with leave to file a replication.